UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| JKL Digital Capital Limited,[1]<br><br>Debtor in a Foreign Proceeding. | Chapter 15<br><br>Case No. 25-12250 (PB) |

**DECLARATION OF FOREIGN REPRESENTATIVE PURSUANT TO 11 U.S.C.§ 1515 AND RULE 1007(A)(4) OF THE FEDERAL RULES OF BANKRUPTCY PROCEDURE AND IN SUPPORT OF VERIFIED PETITION FOR (I) RECOGNITION OF FOREIGN MAIN PROCEEDING, (II) RECOGNITION OF FOREIGN REPRESENTATIVES, AND (III) RELATED RELIEF UNDER CHAPTER 15 OF THE BANKRUPTCY CODE**

I, Hadley Chilton, to the best of my information and belief, state as follows:

1. I am over the age of 18 and, if called upon, could testify to all matters set forth in this declaration based upon my own personal knowledge except for those portions specified as being otherwise. I am making this declaration in accordance with section 1515 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 1007(a)(4) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

2. I am one of the court-appointed joint and several liquidators of and an authorized foreign representative (in such capacity, a "Foreign Representative") of JKL Digital Capital Limited (the "Debtor"), who is the respondent in a foreign proceeding in the British Virgin Islands (the "Foreign Proceeding") pursuant to Section 159 of the BVI Insolvency Act, 2003, filed before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division) (the "BVI Court").

---

[1] The chapter 15 Debtor along with the last four digits of the Debtor's business number is JKL Digital Capital Limited (4314). The Debtor's registered office is located at 80 Main Street, P.O. Box 3200, Road Town, Tortola VG 1110 Virgin Islands, British.

3.  I am a restructuring expert and non-executive director, specializing in complex engagements throughout the lifecycle of entities. I have been regulating in the British Virgin Islands for over twelve years as an insolvency practitioner and a senior officer. I have substantial, multi-jurisdictional regulated financial services experience, with significant experience collaborating with and reviewing key service providers' performance and contractual agreements spanning in international financial centers.

4.  Save as otherwise indicated, the facts and matters set out in this declaration are gained from my own review of the files and records relating to the Debtor. Where any facts or matters are not within my knowledge, the source of my information is stated and those facts and matters are true to the best of my knowledge, information, and belief.

5.  I submit this declaration in support of: (a) the official form chapter 15 petition for the Debtor (the "Verified Petition") commencing the Debtor's chapter 15 case (the "Chapter 15 Case"); (b) the *Motion for (I) Recognition of the Foreign Main Proceeding, (II) Recognition of the Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Recognition Motion" and together with the Verified Petition, the "Petition for Recognition"); and (c) the *Motion Pursuant To Fed. R. Bankr. P. 2002 and 9007 Requesting Entry of Order Scheduling Recognition Hearing and Specifying Form and Manner of Service of Notice* (the "Scheduling Motion").

6.  I have concluded that the relief requested in the Petition for Recognition and Scheduling Motion is necessary to timely ascertain and safeguard the Debtor's U.S. assets, and is consistent with the purpose of chapter 15 of the Bankruptcy Code. The basis for the relief requested is described in greater detail below.

*Debtor's General Background and History*

7.  The Debtor is an exempted company incorporated in the British Virgin Islands with limited liability. Its registered office is in the British Virgin Islands.

8.  On May 28, 2021, the Debtor and Unifi Group Limited ("Unifi") entered into two agreements: an Investment Advisory Agreement (the "Investment Agreement") and a Custodial Services Agreement (the "Custodial Agreement," and collectively with the Investment Agreement, the "Agreements"). The Investment Agreement generally provided that the Debtor could enter into investment transactions on Unifi's behalf and provide attendant advisory services in accordance with certain agreed upon investment objectives, and the Custodial Agreement provided for the manner by which the Debtor would exercise custody services over the investment assets, which generally consisted of digital assets.

9.  On June 29, 2021, the Agreements were duly novated to TGT, LP. TGT, LP is an exempted limited partnership established under the Cayman Islands Exempted Limited Partnerships Act (the "ELPA") with its registered office at P.O. Box 309, Ugland House, Grand Cayman, KY1-104, Cayman Islands and is the only known creditor of the Debtor.[2]

10. As set forth more fully below, on December 6, 2024, TGT, GP, general partner of TGT, LP, commenced the Foreign Proceeding in the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands (Commercial Division).

*Events Leadings to the Foreign Proceeding*

11. Over the course of the Agreements, Unifi and TGT, LP transferred digital assets to the Debtor for the purposes of investment advice, management, and custody as per the terms of the Agreements. The Debtor periodically provided financial statements regarding its investment

---

[2] TGT, GP, is authorized under the ELPA, among other things, to issue voluntary liquidation proceedings on behalf of TGT, LP.

3

activities to TGT, LP and paid itself performance fees from the client assets under management. The financial statements provided by the Debtor concealed the true extent of the Debtor's investment activity, which had resulted in millions of dollars in losses at various Exchanges.

12. On July 22, 2024, Stephen Cork and Hadley Chilton were appointed as joint voluntary liquidators of TGT, LP. On October 8, 2024, Stephen Cork and Hadley Chilton were appointed as joint voluntary liquidators of TGT, GP (together, the "TGT Liquidators"). Throughout their appointment, the TGT Liquidators investigated the transfer of assets from TGT, LP to the Debtor as well as the Debtor's transfer of such assets to third parties, including the Exchanges. The investigation revealed that the Debtor purported to manage asset in in excess of $300 million and that the Debtor, including through its current and former directors (the "Directors"), routinely transacted with numerous Exchanges. Certain of these Exchanges remain operative, such as Coinbase, while others fell victim to the "crypto winter," such as Celsius, which commenced chapter 11 bankruptcy cases in the U.S. Bankruptcy Court for the Southern District of New York in July 2022 (the "Celsius Proceedings") and FTX, which was placed into liquidation proceedings in the Bahamas and chapter 11 bankruptcy proceedings in the U.S. Bankruptcy Court for the District of Delaware in November 2022 (the "FTX Proceedings").

*The Foreign Proceeding*

13. On December 6, 2024, TGT, GP, of behalf of TGT, LP, filed an application (the "Originating Application") in the BVI Court to appoint joint and several liquidators over the Debtor.

14. On December 19, 2024, TGT, GP, on behalf of TGT, LP, filed an emergency application (the "Provisional Application") to appoint provisional joint liquidators over the Debtor because of distributions to claimholders set to commence imminently in the FTX Proceedings. On

4

December 27, 2024, the BVI Court approved Provisional Application and appointed Hadley Chilton, Stephen Cork, and Glenn Harrigan as joint provisional liquidators (the "Joint Provisional Liquidators") of the Debtor.

15. At an uncontested hearing on January 20, 2025, the BVI Court approved the Originating Application and appointed Hadley Chilton, Stephen Cork, and Glenn Harrigan as joint and several liquidators (the "Joint Liquidators") of the Debtor. The final order was subsequently issued by the BVI Court on February 4, 2025 (the "Final Approved Order"). The Final Approved Order, a true and correct copy of which is annexed as Exhibit A to the Verified Petition, authorized the Joint Liquidators, among other things, to:

   a. Pay any class of creditors in full;

   b. Make a compromise or arrangement with creditors or persons claiming to be creditors, or having or alleging that they have any claim against the Debtor, whether present or future, certain or contingent, ascertained or not;

   c. Commence, continue, discontinue, or defend any action or other legal proceedings in the name and on behalf of the Debtor;

   d. Carry on the business of the Debtor so far as may be necessary for its beneficial liquidation;

   e. Sell or otherwise dispose of property of the Debtor;

   f. Do all acts and execute, in the same and on behalf of the Debtor, any deeds, receipts or other document;

   g. Prove rank and claim in the bankruptcy, liquidation, insolvency or sequestration of any member or past member for any balance against their estate, and to receive dividends, in the bankruptcy, liquidation, insolvency, sequestration or in respect of

that balance, as a separate debt due from the bankrupt or insolvent, and ratably with the other separate creditor; and

h. Appoint a solicitor, accountant or other professionally qualified person to assist them in the performance of their duties.

16. On September 30, 2025, the BVI Court authorized the Joint Liquidators to apply to the Bankruptcy Court for the Southern District of New York for recognition of the Foreign Proceeding as either a "main" or "non-main" proceeding pursuant to chapter 15 of the Bankruptcy Code.

***The Directors' Lack of Cooperation***

17. The Joint Liquidators have only obtained limited records from the Debtor's BVI registered agent, JTC Group. Such records consist of organizational and governance documents, and are insufficient to fully identify the Debtor's assets, creditors, affiliates, or all relevant transactions.

18. The Foreign Representatives have filed numerous information requests with the Directors, seeking to identify the scope of the Debtor's assets, creditors, and transactions involving the Exchanges. The Directors, however, have not complied with such requests—notwithstanding their obligations to do so under the BVI Insolvency Act.

19. Based on their investigation, the Foreign Representatives have reason to believe that the Debtor, including through the Directors, managed assets in excess of $300 million. Upon information and belief, the Debtor, or its affiliated persons or entities, may have (i) cryptocurrency mining operations located in Texas, (ii) a right to recover on claims filed in certain bankruptcy proceedings related to the Exchanges, including but not limited to the FTX Proceedings and the Celsius Proceedings, (iii) assets held at other U.S. based Exchanges, including but not limited to

Coinbase, and (iv) monies that appear to have passed through or are held with U.S. financial institutions. The existence and scope of these U.S. assets, however, has not been verified.

20. The Foreign Representatives have alerted the Exchanges as to the existence of the Foreign Proceeding and sent them information requests directly, but certain Exchanges, such as Coinbase, have refused to provide any information in the absence of a properly served subpoena issued by a U.S. court.

21. The only known U.S. asset of the Debtor is the Debtor's retainer of $10,000 (the "Retainer") held in Seward & Kissel LLP's central bank account ending 7720 at Citibank, N.A. located in the borough of Manhattan, New York.

***The Chapter 15 Proceeding***

22. This Chapter 15 Case was commenced to ensure that the powers and protections granted to me by the BVI Court in the Final Approved Order are effective and enforceable in the United States and that there is a forum in which to seek relief with respect to issues relating to U.S.-based assets of the Debtor.

23. On the date hereof (the "Petition Date"), and in my capacity as the Foreign Representative of the Debtor, I filed a petition under chapter 15 of the Bankruptcy Code for recognition of the Foreign Proceeding, commencing the Debtor's Chapter 15 Case.

24. For the reasons set forth in the Petition for Recognition, I understand and believe that, in accordance with the requirements of the Bankruptcy Code, (i) the Debtor is eligible to be a debtor in the Chapter 15 Case, (ii) the Foreign Proceeding qualifies as a "foreign main proceeding," (iii) the Debtor's center of main interests is the British Virgin Islands, and (iv) the recognition of the Foreign Proceeding as a "foreign main proceeding" is consistent with the purpose of chapter 15 and will allow me to realize on the Debtor's U.S. assets in the most efficient,

orderly, and economical manner possible while respecting the rights of potential creditors. Additionally, I believe the discretionary relief requested by the Petition for Recognition is necessary and appropriate under the circumstances.

25. For the reasons stated in this Declaration, in the Petition for Recognition and the Scheduling Motion, I request that the Petition for Recognition and the Scheduling Motion be granted in their entireties, together with such other and further relief as the Court may deem just and proper.

*[Remainder of Page Intentionally Left Blank]*

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: October 3, 2025

By: _____
Hadley Chilton, Foreign Representative