**SEWARD & KISSEL LLP**
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421

*Counsel for the Foreign Representatives*

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JKL Digital Capital Limited,[1] <br><br> Debtor in a Foreign Proceeding. | Chapter 15 <br><br> Case No. 25-12250 (PB) |

**MOTION PURSUANT TO FED. R. BANKR. P. 2002 AND 9007**
**REQUESTING ENTRY OF ORDER SCHEDULING RECOGNITION**
**HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE**

Hadley Chilton, Stephen Cork, and Glenn Harrigan in their capacities as the foreign

representatives (the "Foreign Representatives") of JKL Digital Capital Limited (the "Debtor"),

which has commenced a foreign proceeding in the British Virgin Islands (the "Foreign

Proceeding") pursuant to Section 159 of the BVI Insolvency Act, 2003 (the "BVI Insolvency

Act"), filed before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin

Islands, Commercial Division (the "BVI Court"), have commenced the above-captioned chapter

15 case (the "Chapter 15 Case") ancillary to the Foreign Proceeding and respectfully submit this

---

[1]    The chapter 15 Debtor along with the last four digits of the Debtor's business number is JKL Digital Capital
Limited (4314).  The Debtor's registered office is located at 80 Main Street, P.O. Box 3200, Road Town, Tortola
VG 1110 Virgin Islands, British.

motion (this "Motion") for entry of an order granting the relief described below.  In support of this Motion, the Foreign Representatives respectfully represent as follows:

## JURISDICTION AND VENUE

1.         This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 as well as the Amended Standing Order of Reference dated January 31, 2012, Reference M-431, *In re Standing Order of Reference Re: Title 11*, 12 Misc. 00032 (S.D.N.Y. Feb. 2, 2012) (Preska, C.J.) (the "Amended Standing Order").

2.         The Chapter 15 Case has been properly commenced pursuant to section 1504 of the Bankruptcy Code by the filing of a recognition motion and verified chapter 15 form petition filed simultaneously herewith (the "Petition for Recognition").  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P).

3.         Venue in the Southern District of New York is proper pursuant to 28 U.S.C. § 1410(1) or, alternatively, § 1410(3).

## BACKGROUND

4.         The relevant factual background with respect to the relief sought in this Motion is set forth in the Petition for Recognition and the *Declaration of Foreign Representative Pursuant to 11 U.S.C. § 1515 and Rule 1007(A)(4) of the Federal Rules of Bankruptcy Procedure and in Support of Verified Petition for (I) Recognition of Foreign Main Proceeding, (II) Recognition of Foreign Representatives, and (III) Related Relief Under Chapter 15 of the Bankruptcy Code* (the "Foreign Representative Declaration"), both of which were filed contemporaneously herewith and are incorporated by reference herein.

## RELIEF REQUESTED

5.         Through this Motion, the Foreign Representatives respectfully request entry of an order, substantially in the form of the proposed order attached hereto as **Exhibit A** (the "Proposed

Order"), pursuant to sections 1514 and 1515 of the Bankruptcy Code, Rules 1012(b), 2002(m), 2002(p), 2002(q), and 9007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rules 9013-1(c) and 9014-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the Southern District of New York (the "Local Rules"), (a) setting a hearing (the "Recognition Hearing") on the relief sought in the Petition for Recognition on November 13, 2025 at 4:00 p.m. (prevailing Eastern Time) or as soon thereafter as the Court's calendar permits, (b) setting 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) days prior to the Recognition Hearing as the deadline by which any objection to the relief sought in the Petition for Recognition (an "Objection") must be filed and received (the "Objection Deadline"), (c) setting 4:00 p.m. (prevailing Eastern Time) on the date that is three (3) days prior to the Recognition Hearing as the deadline by which any responses to any properly-filed Objection must be filed (the "Reply Deadline"), (d) approving the form of notice of the Recognition Hearing attached to the Proposed Order as Exhibit 1 (the "Hearing Notice"), (e) approving the manner of service described herein, and (f) granting related relief.

## BASIS FOR RELIEF

**A.    The Proposed Notice Procedures and Hearing Date Are Adequate and Comply with the Bankruptcy Rules**

6.    Rule 2002(q)(1) of the Bankruptcy Rules provides that the parties identified therein must be given at least twenty-one days' notice of a hearing to consider a petition for recognition of a foreign proceeding.  Bankruptcy Rules 2002(m) and 9007 provide, among other things, that when notice is to be given under the Bankruptcy Rules, the court shall designate the form and manner in which such notice shall be given (unless otherwise specified in the Bankruptcy Rules).

7.    Pursuant to Bankruptcy Rule 2002(q) and Local Rule 9013-1(c), the Foreign Representatives propose to serve the Hearing Notice and the Petition for Recognition (including

3

the proposed form of order annexed thereto) (collectively, the "Notice Documents") by electronic mail to the extent email addresses are available, and otherwise by overnight mail or United States mail, first-class postage prepaid, upon: (a) the Debtor; (b) all persons or bodies authorized to administer the Foreign Proceeding; (c) the Office of the United States Trustee for the Southern District of New York (the "U.S. Trustee"); (d) any other creditors or parties in interest now or hereinafter known by the Foreign Representatives, including those set forth on the Consolidated Verified List Pursuant to Fed. R. Bankr. P. 1007(a)(4), including any supplement to the same, attached to the Verified Petition; (e) all other parties that request notice in the Chapter 15 Case as of the date of such service; and (f) all other parties as this Court may direct (collectively, the "Notice Parties").

8.      The Foreign Representatives submit that the form and manner of service of notice requested herein for the Notice Parties constitutes adequate and sufficient notice of the commencement of the Chapter 15 Case and the relief sought in the Petition for Recognition. Additionally, service of all further pleadings that the Foreign Representatives file in this Chapter 15 Case by electronic mail, to the extent email addresses are available, and otherwise by overnight mail or United States mail, first-class postage prepaid, on the Notice Parties is an efficient and effective way to provide notice to such parties.

9.      Accordingly, the Foreign Representatives respectfully request that the Court approve the foregoing manner of service of the Notice Documents pursuant to Bankruptcy Rules 2002(m), 2002(p), 2002(q)(1), and 9007.

10.     In addition, if any party files a notice of appearance in this Chapter 15 Case, the Foreign Representatives propose that they will serve the Notice Documents and subsequent notices

4

upon such party within three (3) business days of the filing of such notice of appearance if such documents have not already been served upon such party (or its counsel).

11.     Bankruptcy Rule 1012(b) provides that a party objecting to a chapter 15 petition must present such objection no later than seven days before the date set for the hearing on the petition, unless otherwise ordered by the court.     In light of this requirement, the Foreign Representatives respectfully submit that it is appropriate for this Court to (a) set the Recognition Hearing for November 13, 2025 at 4:00 p.m. (prevailing Eastern Time), or as soon thereafter as the Court's calendar permits, (b) set the Objection Deadline for 4:00 p.m. (prevailing Eastern Time) on the date that is seven (7) days prior to the Recognition Hearing, and (c) set the Reply Deadline for 4:00 p.m. (prevailing Eastern Time) on the date that is three (3) days prior to the Recognition Hearing.

**B.     The Requirements of Section 1514(c) Are Not Applicable or Should be Waived**

12.     Section 1514(c) of the Bankruptcy Code provides that when notice of the commencement of a case is to be given to foreign creditors, such notice shall, among other things, indicate the time period for filing proofs of claim, specify the place for filing such proofs of claim, and indicate whether secured creditors need to file proofs of claim.     11 U.S.C. § 1514(c).     The Foreign Representatives submit, however, that section 1514 only applies in plenary cases and does not apply in the context of a chapter 15 case.     *See* 8 Collier on Bankruptcy ¶ 1514.01 (16th ed. 2020) (section 1514 is "last in a series of sections dealing with the international aspects of cases under chapters other than chapter 15 that begin with section 1511 [of the Bankruptcy Code]").     Accordingly, the Foreign Representatives respectfully request that, to the extent applicable, the requirements contained therein be waived in this instance.

13.     Courts in this district have regularly granted this request.     *See, e.g., In re ODN I Perfurações*, Case No. 23-10557, Dkt. No. 10 (Bankr. S.D.N.Y. Apr. 12, 2023); *In re Americanas S.A., et al.*, Case No. 23-10092, Dkt. No. 18 (Bankr. S.D.N.Y. Jan. 25, 2023); *In re Andrade*

*Gutierrez Engenharia S.A.*, Case No. 2211425, Dkt. No. 14 (Bankr. S.D.N.Y. Oct. 31, 2022); *In re Garuda Indonesia (Persero) Tbk*, Case No. 22-11274, Dkt. No. 9 (Bankr. S.D.N.Y. Sept. 23, 2022); *In re U.S.J. – Açúcar e Álcool S.A., et al.*, Case No. 22-10320, Dkt. No. 9 (Bankr. S.D.N.Y. Mar. 18, 2022); *In re Samarco Mineração S.A. - Em Recuperação Judicial*, Case No. 21-10754, Dkt. No. 14 (Bankr. S.D.N.Y. Apr. 22, 2021); *In re Digicel Group One Limited*, Case No. 20-11207, Dkt. No. 11 (Bankr. S.D.N.Y. May 18, 2020); *In re Perforadora Oro Negro, S. De R.L. De C.V., et al.*, Case No. 1811094, Dkt. No. 24 ((Bankr. S.D.N.Y. Apr. 20, 2018); *Odebrecht Engenharia e Construção S.A., et al.*, Case No. 20-12741, Dkt. No. 10 (Bankr. S.D.N.Y. Nov. 25, 2020); *In re Avanti Communications Grp. Plc.*, Case No. 18-10458, Dkt. No. 11 (Bankr. S.D.N.Y. Feb. 26, 2018); *In re U.S. Steel Canada Inc.*, Case No. 17-11519, Dkt. No. 6 (Bankr. S.D.N.Y. June 2, 2017); *Odebrecht Óleo e Gás S.A., et al.*, Case No. 17-13130, Dkt. No. 17 (Bankr. S.D.N.Y. Nov. 08, 2017); *In re Edcon Holdings Ltd.*, Case No. 16-13475, Dkt. No. 16 (Bankr. S.D.N.Y. Dec. 14, 2016).

## **NOTICE**

14.     The Foreign Representatives will provide notice of this Motion to the Notice Parties.  In light of the nature of the relief requested, the Foreign Representatives submit that no further notice is required.

## **NO PRIOR REQUEST**

15.     No previous request for the relief sought herein has been made to this or any other court in the United States.

## **CONCLUSION**

WHEREFORE, the Foreign Representatives respectfully request that this Court (i) enter an order substantially in the form of the Proposed Order and (ii) grant such other and further relief as may be just and proper.

*[Remainder of Page Intentionally Left Blank]*

Dated: October 14, 2025          Respectfully submitted,
       New York, New York

*/s/ Robert J. Gayda*
Robert J. Gayda, Esq.
Catherine V. LoTempio, Esq.
Andrew J. Matott, Esq.
**SEWARD & KISSEL LLP**
One Battery Park Plaza
New York, NY 10004
Telephone: (212) 574-1200
Facsimile: (212) 480-8421
Email:  gayda@sewkis.com
       lotempio@sewkis.com
       matott@sewkis.com

*Counsel for the Foreign Representatives*

## EXHIBIT A

**Proposed Order**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JKL Digital Capital Limited,[1] | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No. 25-12250 (PB) |

### ORDER PURSUANT TO FED. R. BANKR. P. 2002 AND 9007 SCHEDULING RECOGNITION HEARING AND SPECIFYING FORM AND MANNER OF SERVICE OF NOTICE

Upon the motion (the "Motion")[2] of Hadley Chilton, Stephen Cork, and Glenn Harrigan in their capacities as the foreign representatives (the "Foreign Representatives") of JKL Digital Capital Limited (the "Debtor"), pursuant to sections 1514 and 1515 of the Bankruptcy Code, Bankruptcy Rules 1012(b), 2002(m), 2002(p), 2002(q), and 9007, and Local Rules 9013-1(c) and 9014-2, for entry of an order (a) setting the time and date for the hearing on the relief sought in the Petition for Recognition (the "Recognition Hearing"), (b) setting the deadline by which any objection to the Petition for Recognition (an "Objection") must be filed (the "Objection Deadline"), (c) setting the deadline by which any responses to properly-filed Objections must be filed (the "Reply Deadline"), (d) approving the form of notice of the Recognition Hearing attached hereto as **Exhibit 1** (the "Hearing Notice"), (e) approving the manner of service of the Hearing Notice described in the Motion, and (f) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction to consider the Motion and the relief requested

---

[1] The chapter 15 Debtor along with the last four digits of the Debtor's business number is JKL Digital Capital Limited (4314). The Debtor's registered office is located at 80 Main Street, P.O. Box 3200, Road Town, Tortola VG 1110 Virgin Islands, British.

[2] Capitalized terms used but not defined herein have the meaning ascribed to them in the Motion.

therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference M-431*, dated January 31, 2012 (Preska, C.J.); and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. § 1410; and notice of the Motion having been given as provided in the Motion, and such notice having been adequate and appropriate under the circumstances; and it appearing that no other or further notice need be provided; and upon the record of all of the proceedings had before this Court; and this Court having found and determined that the relief sought in the Motion is in the best interests of the Debtor, its estate, its creditors, and all parties in interest, and that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1.       The Motion is **GRANTED** as set forth herein.

2.       The Recognition Hearing shall be held before this Court on November 13, 2025 at 4:00 p.m. (prevailing Eastern Time) via Zoom for Government.

3.       Any Objection to the relief requested in the Petition for Recognition must be made in accordance with the Bankruptcy Code, the Local Rules, and the Bankruptcy Rules, in a writing that sets forth the basis for such Objection with specificity and the nature and extent of the respondent's claims against the Debtor and filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's procedures for the filing, signing and verification of documents by electronic means, and served upon (a) the Foreign Representatives' counsel and (b) the U.S. Trustee by **4:00 p.m.**

(prevailing Eastern Time) on November 6, 2025 (the "**Objection Deadline**").    If no objection is timely filed and served as provided above, this Court may grant the relief requested by the Foreign Representatives without further notice or hearing.

4.      Any Reply to a properly filed Objection must be filed electronically with the Court on the Court's electronic case filing system and served upon the objecting party by 4:00 p.m. (prevailing Eastern Time) on November 10, 2025 (the "Reply Deadline").

5.      The Recognition Hearing may be adjourned from time to time without further notice other than a notice of adjournment filed on the docket in the Chapter 15 Case or an announcement in open court of the adjourned date or dates of any further adjourned hearing.

6.      The form of Hearing Notice, substantially in the form attached hereto as **Exhibit 1**, is hereby approved.    The Foreign Representatives may fill in any missing dates and other information as ordered by this Court, correct any typographical errors, conform the provisions thereof to the provisions of this Order and make such other and further non-material, non-substantive changes to the form of Hearing Notice as the Foreign Representatives deem necessary or appropriate.

7.      Copies of the Notice Documents, including all exhibits thereto, shall be served by electronic mail to the extent email addresses are available and otherwise by United States mail, overnight or first-class postage prepaid, upon the Notice Parties.    If any party files a notice of appearance in the Chapter 15 Case, the Foreign Representatives shall serve a copy of the Notice Documents on such party or its counsel within three (3) business days following the filing of such notice of appearance if such documents have not already been served on such party (or its counsel).

8.      The notice requirements in section 1514(c) of the Bankruptcy Code are inapplicable in the context of this Chapter 15 Case or are hereby waived.

9.      Service in accordance with this Order is hereby approved and constitutes good and sufficient service and notice on all interested parties of the relief requested in the Petition for Recognition, the date of the Recognition Hearing, the Objection Deadline, and the Reply Deadline. Notice in accordance with this Order satisfies the requirements of the Bankruptcy Code and the Bankruptcy Rules, including Bankruptcy Rules 2002(p) and (q).    No other or further notice is required.

10.     The Foreign Representatives are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order.

11.     The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

12.     This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: New York, New York
        ___, 2025

                                                
THE HONORABLE PHILIP BENTLEY
UNITED STATES BANKRUPTCY JUDGE

## EXHIBIT 1

**Hearing Notice**

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| JKL Digital Capital Limited,[1] | Chapter 15 |
| Debtor in a Foreign Proceeding. | Case No. 25-12250 (PB) |

### NOTICE OF HEARING ON PETITION FOR RECOGNITION OF FOREIGN PROCEEDING AND MOTION FOR AN ORDER GRANTING RECOGNITION OF FOREIGN PROCEEDING AND RELATED RELIEF

**PLEASE TAKE NOTICE** that on October 10, 2025, Hadley Chilton, Stephen Cork, and Glenn Harrigan in their capacities as the foreign representatives (the "Foreign Representatives") of JKL Digital Capital Limited (the "Debtor") which has commenced a foreign proceeding in the British Virgin Islands (the "Foreign Proceeding") pursuant to Section 159 of the BVI Insolvency Act, 2003, before the Eastern Caribbean Supreme Court in the High Court of Justice Virgin Islands, Commercial Division, has filed, among other things, a verified chapter 15 form petition (the "Verified Petition") and motion for recognition (the "Recognition Motion, and together with the Verified Petition, the "Petition for Recognition"),[2] seeking relief under chapter 15 of title 11 of the United States Code (the "Bankruptcy Code"), with the United States Bankruptcy Court for the Southern District of New York (the "Court").

**PLEASE TAKE FURTHER NOTICE** that, among other things, the Petition for Recognition requests entry of an order recognizing the Foreign Proceeding as a foreign main proceeding pursuant to section 1517 of the Bankruptcy Code, granting related relief pursuant to section 1520 of the Bankruptcy Code, and granting certain discretionary relief pursuant to sections 1507 and 1521(a) of the Bankruptcy Code.

**PLEASE TAKE FURTHER NOTICE** that the Court has scheduled a hearing to consider the relief requested in the Petition for Recognition (the "Recognition Hearing") at **4:00 p.m. (prevailing Eastern Time) on November 13, 2025**. The Recognition Hearing will be held before the Honorable Philip Bentley of the United States Bankruptcy Court for the Southern District of New York, Courtroom 601, One Bowling Green, New York, New York 10004.

**PLEASE TAKE FURTHER NOTICE** that the Recognition Hearing will be conducted via Zoom for Government. Parties wishing to participate at the Recognition Hearing (whether

---

[1] The chapter 15 Debtor along with the last four digits of the Debtor's business number is JKL Digital Capital Limited (4314). The Debtor's registered office is located at 80 Main Street, P.O. Box 3200, Road Town, Tortola VG 1110 Virgin Islands, British.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Petition for Recognition.

"live" or "listen only") must make an electronic appearance through the "eCourtAppearances" tab on the Court's website: https://ecf.nysb.uscourts.gov/cgi-bin/nysbAppearances.pl prior to 4:00 p.m. (prevailing Eastern Time) on **November 12, 2025** (the "Appearance Deadline"). Instructions for making a telephonic appearance and additional information on the Court's telephonic procedures can be found at: https://www.nysb.uscourts.gov/ecourt-appearances. Following the Appearance Deadline, the Court will circulate by email the Zoom link to the Hearing to those parties who have made an electronic appearance.

PLEASE TAKE FURTHER NOTICE that any objection to the relief requested in the Petition for Recognition (an "Objection") must be made in accordance with the Bankruptcy Code, the Local Rules of the United States Bankruptcy Court for the Southern District of New York, and the Bankruptcy Rules, in a writing that sets forth the basis for such objection with specificity and the nature and extent of the respondent's claims against the Debtor. Any such Objection must be filed electronically with the Court on the Court's electronic case filing system in accordance with and except as provided in General Order M-399 (a copy of which may be viewed on this Court's website at www.nysb.uscourts.gov) and the Court's procedures for the filing, signing and verification of documents by electronic means, and served upon (i) the Foreign Representatives' counsel and (ii) the United States Trustee for the Southern District of New York, so as to be received by **4:00 p.m. (prevailing Eastern Time) on November 6, 2025 (the "Objection Deadline")**, with a copy served upon the Chambers of the Honorable Philip Bentley, United States Bankruptcy Judge, United States Bankruptcy Court for the Southern District of New York, One Bowling Green, New York, New York 10004. If no Objection is properly filed and served as provided above, the Court may grant the relief requested in the Petition for Recognition without a hearing or further notice.

PLEASE TAKE FURTHER NOTICE that any reply to any properly filed Objection must be filed electronically with the Court's electronic case filing and served upon the objecting party by **4:00 p.m. (prevailing Eastern Time) on November 10, 2025.**

PLEASE TAKE FURTHER NOTICE that any party in interest objecting to the relief requested by the Petition for Recognition must appear remotely at the Recognition Hearing.

PLEASE TAKE FURTHER NOTICE that, at the Recognition Hearing, the Court may order the scheduling of a case management conference to consider the efficient administration of the case and/or adjourn the Recognition Hearing from time to time without further notice other than an announcement in open court or a notice of adjournment filed with the Court.

PLEASE TAKE FURTHER NOTICE that copies of the Petition for Recognition and all other documents filed in this Chapter 15 Case can be accessed from the Court's website, http://Docket.nysb.uscourts.gov (a PACER login and password are required to retrieve documents).

*[Remainder of Page Intentionally Left Blank]*

Dated: October 14, 2025                           Respectfully submitted,
           New York, New York

                                                  _/s/ Robert J. Gayda_____
                                                  Robert J. Gayda, Esq.
                                                  Catherine V. LoTempio, Esq.
                                                  Andrew J. Matott, Esq.
                                                  **SEWARD & KISSEL LLP**
                                                  One Battery Park Plaza
                                                  New York, NY 10004
                                                  Telephone: (212) 574-1200
                                                  Facsimile: (212) 480-8421
                                                  Email:  gayda@sewkis.com
                                                          lotempio@sewkis.com
                                                          matott@sewkis.com

                                                  *Counsel for the Foreign Representatives*